CHARLES TAINTOR et al., Appellants, v. PHILIPP A. HATTEMER et al., Constituting the Town Board of the Town of Brookhaven, County of Suffolk, et al., Respondents, et al., Defendants.— Motion for leave to appeal to the Court of Appeals denied. Time of defendants-respondents to answer extended until twenty days after the entry of the order hereon. Permission to renew motions under rules 107 and 90 of the Rules of Civil Practice denied, as unnecessary. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ. [See *ante,* p. 791.]

JOHN BERTHA, Appellant, v. CITY OF NEW YORK, Respondent.— Action to recover damages for personal injuries suffered by plaintiff while a passenger on a trolley car owned and operated by the defendant. Plaintiff had a verdict, which the trial court set aside and, on reserved motions, dismissed the complaint because of the failure of plaintiff to serve a timely notice of intention to sue, or to establish that his delay in the service thereof was excusable. Judgment for the defendant unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ. [See *post,* p. 867.]

In the Matter of JOSEPH BLANK, Respondent, against CITY OF NEW YORK, Appellant.— On December 2, 1946, respondent was injured when a bus owned and operated by appellant, in which he was a passenger, collided with an automobile. Respondent did not serve a notice of claim within the time required by section 50-e of the General Municipal Law, which time expired January 31, 1947. On April 15, 1947, respondent moved at Special Term for an order granting leave to serve a proposed notice of claim within a reasonable time, alleging that he had been unable by reason of physical incapacity to serve the notice in time. The appeal is from an order granting the application. Order reversed on the law and the facts, without costs, and the motion denied, without costs. There was not a showing of physical incapacity within the meaning of the statute, nor was there a showing that the failure to serve the notice of claim within the statutory period resulted from the disability. (*Matter of Auricchio v. City of New York,* 272 App. Div. 1067.) Furthermore, the application was not made within a reasonable time after the expiration of the period of disability relied upon as excusing the failure to serve the notice within the prescribed statutory period, and respondent's excuse for the delay is insufficient. (*Matter of Ruskin* v. *City of New York,* 271 App. Div. 934.) Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

VERONA KLEIN, Appellant, v. ARNOLD H. KLEIN, Respondent.— Appeal by plaintiff from an order denying her motion for a temporary injunction restraining defendant from proceeding with a divorce action against her in the State of Nevada. Pending the appeal, a final decree of divorce was granted in the Nevada action. Appeal dismissed, without costs, as the questions presented are academic. Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur. [See *post,* p. 868.]