KATHLEEN GORMAN et al., Respondents, v. CONCORD CAB CORP. et al., Defendants, and HUGO HESSEL et al., Appellants.— In an action to recover damages for personal injuries, and for expenses and loss of services arising out of the collision of appellants' automobile with a taxicab in which the female respondents were passengers, judgment in favor of each of five respondents and against appellants unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

In the Matter of THOMAS CHRISTOPHER, Respondent, against CITY OF NEW YORK, Appellant.— Appeal from an order, as resettled, granting a rehearing of respondent's application for leave to file a notice of claim, pursuant to the provisions of section 50-e of the General Municipal Law, and upon such rehearing granting the application. The proposed claim was based upon the alleged neglect and maltreatment of respondent while a patient in a city hospital from June 12, 1946, to July 8, 1946. Resettled order reversed on the law and the facts, without costs, and the motion denied, without costs. There was no adequate showing that the failure to serve the notice of claim within the statutory period was the result of physical or mental incapacity within the purview of subdivision 5 of section 50-e of the General Municipal Law. Moreover, the delay in making this motion until April, 1947, was not satisfactorily explained. (*Matter of Ruskin* v. *City of New York*, 271 App. Div. 934; *Matter of Fabiani* v. *Town of North Hempstead*, 272 App. Div. 1016; *Matter of Blank* v. *City of New York*, 273 App. Div. 812.) Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

In the Matter of PINKAS FISCHER, Appellant, against CHARLES P. GROSS et al., Constituting the Board of Transportation of the City of New York, Respondents.— Order denying appellant's application, pursuant to article 78 of the Civil Practice Act, to review the determination of the board of transportation of the city of New York discontinuing part of the Nassau Avenue trolley car line, in the borough of Brooklyn, in said city, reversed on the law and the facts, without costs, and the matter remitted to the Special Term for the taking of testimony on the issues of the propriety of such discontinuances and failure to resume such service. The board of transportation has no power summarily to abandon service of existing lines. (*Matter of Westchester Elec. R. R. Co.* v. *Maltbie*, 245 App. Div. 782.) While its suspension of service was stated by it to be a temporary one, the court should have taken testimony to determine whether the alleged suspension of service was an arbitrary one and whether such suspension had continued for an unreasonable time. Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

JENNIE MARTINICO, Plaintiff, v. CLARENCE C. FELTER et al., Defendants. BERT C. FULLER, Purchaser-Appellant.— Appeal by the purchaser at the sale on foreclosure of a tax lien from an order denying his application, under section 985 of the Civil Practice Act, for an order directing the sheriff to put him into possession of the premises, without prejudice to renewal upon obtaining a certificate from the temporary city housing rent commission. Order affirmed, without costs. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [See 274 App. Div. 801.]