BOWERY SAVINGS BANK, Plaintiff, *v*. MALVINE REALTY CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, September 21, 1948.

*August W. Zaun* for plaintiff.

*Samuel Weiss* for defendants.

BELDOCK, J. Motion for an order in the nature of a writ of assistance directing the Sheriff of the County of Kings to eject and remove the Malvine Realty Corporation, Jacob Schwartz and Esther Schwartz from occupancy of certain premises used for dwelling purposes.

Plaintiff is the purchaser at foreclosure sale of an apartment house located at 23–25 Lewis Avenue, borough of Brooklyn. Foreclosure resulted from failure of the defendants to pay interest on a consolidated bond and mortgage executed by the defendant corporation. It is alleged in the moving papers that the corporate defendant and the individuals are in possession of one of the apartments, namely, apartment No. 20, in said premises. It is urged by plaintiff that the possession of the individuals was really the possession of the corporate defendant and that any rights which the individuals had to possession of the apartment have been cut off by the judgment of foreclosure and sale.

In opposing this motion defendant Jacob Schwartz asserts that he occupies apartment No. 20 for dwelling purposes for himself and family and that the title to the property had been in the name of the corporation for a considerable period. He alleges that neither he nor any one of his family have at any time individually owned this property.

Plaintiff however urged upon the argument of this motion that as Jacob Schwartz was the secretary and prime mover in the Malvine Realty Corporation the principle of " piercing the corporate veil " should be here applied. I do not agree with this contention as there is no proof warranting the application of such doctrine.

Title to the property for close to twenty years was in the corporate name and the circumstances clearly disclosed that the occupancy of the apartment as tenants was by the individuals.

The granting of possession to a purchaser at a foreclosure sale is discretionary under the provisions of section 985 of the Civil Practice Act. Rent control regulations may govern the exercise of such discretion and justify refusal of possession. (*Niman* v. *Niman*, 269 App. Div. 675.)

Plaintiff has neither sought nor obtained a certificate of eviction from the temporary city housing rent commission. In view of the existing emergency presented by the building shortage our courts have generally denied applications similar to the instant one where the persons sought to be removed are tenants. (See *Martinico* v. *Felter*, N. Y. L. J., Feb. 9, 1948, p. 514, col. 5, affd. 273 App. Div. 983.) Nor does it appear equitable that the relief herein be granted as plaintiff is a financial institution and cannot have any personal requirement for the living space such as would apply in the case of an individual plaintiff. Application denied. Submit order.