No opinion. On appeal by appellant Renaud, order insofar as appealed from, affirmed. No opinion. Respondent is to have a single bill of $10 costs and disbursements against both appellants. Carswell, Acting P. J., Adel, Wenzel and MacCrate, JJ., concur; Johnston, J., dissents and votes (1) to modify the order of October 6, 1949, by denying the motion of respondent with respect to appellants, without prejudice to renewal upon obtaining a certificate from the temporary city housing rent commission; and (2) to dismiss the appeal from the order of November 9, 1949, as academic. If appellants were tenants of the former corporate owner, Special Term had no power to grant the application under section 985 of the Civil Practice Act without a certificate from the rent commission, even on default or absence of opposition by such tenants. (Martinico v. Felter, 273 App. Div. 983, motion for leave to appeal dismissed 298 N. Y. 633.) As to appellant Renaud, there was no evidence submitted in the moving affidavits other than that she was a tenant of the former corporate owner. As such tenant, the motion could not be granted against her, even on her default, without first obtaining a certificate from the rent commission. (Martinico v. Felter, supra.) Therefore, the motion to open her default was academic. As to appellant Wertheim, an officer or sole stockholder of a corporate owner who occupies part of the premises is not the owner, but is a tenant of that corporate owner for the purpose of an application in *987 the nature of the one under consideration. (Bowery Sav. Bank v. Malvine Realty Corp., 192 Misc. 775.) Moreover, this appellant always was regarded by the corporation as a tenant when the corporation filed income tax reports. The order of October 6, 1949, should be affirmed as to those tenants who, after the foreclosure sale, rented portions of the premises from defendant Dunton Estates, Inc., the former corporate owner. Since Dunton Estates, Inc., was not the owner of the property at that time, those occupants are trespassers, not tenants, and the rent regulations furnish no protection to them. [See post, p. 1093.]